ATTORNEY GENERAL HENRY HAS ASKED ME TO REVIEW YOUR RECENT OPINION REQUEST REGARDING WHETHER A CORPORATION MAY SELL EQUIPMENT TO A SCHOOL DISTRICT WHEN THAT EQUIPMENT HAS BEEN PURCHASED BY THE CORPORATION FROM ANOTHER CORPORATION IN WHICH A MEMBER OF THE SCHOOL BOARD FOR SUCH DISTRICT IS THE PRINCIPAL OFFICER AND SHAREHOLDER AFTER REVIEWING YOUR OPINION REQUEST, IT APPEARS THAT WE ARE UNABLE TO ANSWER IT WITH A FORMAL RESPONSE, AS THE APPLICATION OF THE RELEVANT STATUTES INVOLVES QUESTIONS O. FACT WHICH CANNOT BE ADDRESSED IN A FORMAL ATTORNEY GENERAL OPINION. YOU ALSO ASK WHETHER ATTORNEY GENERAL OPINION NO. 79-183 APPLIES TO THE FACT SITUATION YOU DESCRIBED IN YOUR LETTER. CLEARLY, THE PRINCIPLES DESCRIBED IN THAT OPINION WOULD APPLY, THUS, FOR THAT REASON, AS WELL, IT IS UNNECESSARY TO ISSUE A FOR AL RESPONSE AT THIS TIME. AS A.G. OPIN. NO. 79-183 NOTES, THE TWO RELEVANT STATUTES ARE, AS CURRENTLY CODIFIED, 70 O.S. 5-124 [70-5-124], AND 62 O.S. 371 [62-371]. EACH OF THESE STATUTES PROHIBITS THE MAKING OF A CONTRACT IN WHICH A SCHOOL BOARD MEMBER HAS ANY DIRECT OR IN INDIRECT INTEREST. AS YOU FURTHER NOTE, THE OPINION DEALS IN PART WITH THE APPLICATION OF THESE STATUTES WHERE A SCHOOL BOARD MEMBER SELLS GOODS TO A THIRD PARTY WHO THEN SELLS THE BOOKS TO THE SCHOOL DISTRICT. IT SHOULD BE NOTED THAT THE OPINION STATES, IN ITS LAST PARAGRAPH BEFORE THE CONCLUSION, THAT THE "RELATIONSHIP WHICH EXISTS BETWEEN THE PERSON SELLING TO THE SCHOOL DISTRICT AN THE SCHOOL BOARD MEMBER IS ALWAYS SUBJECT TO SCRUTINY AS AN ATTEMPT TO CIRCUMVENT THE CLEAR PROHIBITIONS OF THE LAW." WHILE AS THE OPINION DISCUSSES, WHERE THERE IS A CLEAR UNDERSTANDING OR AGREEMENT AT THE TIME THE CONTRACT BETWEEN THE SCHOOL BOARD AND THE THIRD PARTY IS MADE, THAT THE THIRD PARTY WILL PROCURE GOODS FROM A SCHOOL BOARD MEMBER, THERE IS NO QUESTION THE STATUTE HAS BEEN VIOLATED. HOWEVER, IT CAN CERTAINLY NOT BE SAID THAT IN EVERY INSTANCE IN WHICH A SCHOOL BOARD MEMBER HAPPENS TO SELL GOODS TO A THIRD PARTY, THE THIRD PARTY IS PROHIBITED FROM CONTRACTING WITH THE SCHOOL BOARD, BY VIRTUE OF THE OTHER BUSINESS ARRANGEMENT. THE PRESUMPTION, HOWEVER, WOULD MOST CERTAINLY BE THAT THIS STATUTE HAS BEEN VIOLATED, UNLESS THE RELATIONSHIP BETWEEN THE SCHOOL BOARD MEMBER AND THE THIRD PARTY IS INSIGNIFICANT. I AM ENCLOSING COPIES OF A.G. OPIN. NO. 74-259 AND 73-234, ON WHICH OPINION NO 79-183 RELIES, IN PART, FOR YOUR FURTHER INFORMATION. BASED ON THE FOREGOING, IT WOULD APPEAR THAT THERE IS PROBABLY A VIOLATION OF BOTH OF THE ABOVE CITED STATUTES WHERE A CORPORATION SELLS EQUIPMENT TO A SCHOOL DISTRICT, WHEN THAT EQUIPMENT HAS BEEN PURCHASED FROM ANOTHER CORPORATION IN WHICH A MEMBER OF THE SCHOOL BOARD FOR THE DISTRICT IS THE PRINCIPLE OFFICER AND SHAREHOLDER. WHILE THERE MAY BE INSTANCES WHERE THE INCIDENTAL SALE OF MATERIALS FROM ONE CORPORATION TO ANOTHER MIGHT NOT VIOLATE STATE LAW, IT DOES NOT APPEAR FROM THE FACTS PRESENTED THAT SUCH IS THE SITUATION IN THIS CASE (CONFLICT OF INTEREST) (SUSAN BRIMER LOVING)